McKinney, J.
delivered the opinion of the court.
This is an action of ejectment, commenced, not in the mode provided by the act of 1801, ch. 11, but according to the common law method of proceeding, as was the practice in this State, prior to the passage of said act.
In ejectment, in the latter mode, no writ or summons is issued. The first proceeding is the delivery of a declaration to the tenant in. possession, on a feigned demise, in which the supposed lessee, is the nominal plaintiff, and the casual ejector defendant; to which is annexed a notice from the casual ejector to the tenant in possession. If the tenant do not appear within the time limited by the rule of court, upon affidavit being made of the service of the declaration, the court will order judgment to be entered against the casual ejector, and possession of the premises will be given to the lessor of the plaintiff. But in such case no judgment whatever can be entered against the tenant in possession, upon whom the *78 declaration has been served, because until he appear and enter into the common consent rule, he is not a defendant to suit, so as to give the court jurisdiction to render judgment against him. Tillinghast’s Adams, 334; 2 Tidd’s Practice, 1203. A serious evil growing out of this method of proceeding was, that the tenant in possession was not required, even where he appeared and pleaded, either to give appearance bail, or bail to the action; the consequence of which was, that the real plaintiff, although he succeeded in the action, was often compelled to pay the costs thereof. To remedy this mischief, the act of 1801, ch. 11, was passed, as the preamble clearly indicates. By the first section of this act, it is provided that, “it shall and may be lawful,” for any person wishing to institute an action of ejectment, to present the declaration to the clerk of the court, in which the suit is to be instituted; and upon giving to such clerk, bond and security for the prosecution of such suit, as by law, is required in other cases, it is made the duty of the clerk, to issue a writ (as the law then was) against the tenant in possession. And the sheriff is required to serve said writ, together with the declaration on the tenant in possession, and to take bail for his appearance, as in other cases. By the fifth section before being admitted a defendant, the tenant or landlord, as the case may be, is required to give security for the costs of the suit; and by the third section, the tenant in possession, thus served with the declaration and writ, is made liable to judgment for costs and damages, “whether the possession is recovered by default or upon trial of the cause.” Such is the substance of the provisions of the act of 1SG1, which remains unchanged, *79 except that by the act of 1831, ch. 40, a summons is substituted for the writ of capias ad respondendum.
We have presented this brief outline of the modes of proceeding in ejectment, at common law, and under the act of 1801, as introductory to the principal question made in this case, which is, whether or not the act of 1801, is a repeal of the common law mode of proceeding-in ejectment.
We do not concur with the counsel for the plaintiff in error, in the construction of the statute insisted on by him. It does not necessarily follow, that, where the common law and a statute differ, the former gives place to the latter. This is to be understood only when the statute is couched in negative terms, or where its matter is so clearly repugnant that it necessarily implies a negative. 1 Bl. Com. 89.
If a party has a remedy at common law, and a remedy is given, in the affirmative, by statute, without a negative, express or implied, of the action at common law, he may avail himself of either. 5 Johns. R. 175; 10 Johns. R. 390. The statute in question, contains no negative, nor is the remedy it furnishes at all repugnant to the common law method of proceeding. It was passed for the exclusive benefit of the plaintiff in ejectment, and it is certainly competent for him, at his election, to. waive such benefit, and proceed according to the common law form. In doing so, the defendant cannot be prejudiced. Such, it seems, was the eotemporaneous exposition of the statute, and of its correctness, we think there can be no doubt.
But where a party elects to proceed as at common law, he must conform to the common law practice; and this presents to our consideration the question, are the *80 proceedings in this case subsequent to the service of the declaration, regular, or in accordance with the common law mode of proceediúg 1 We think not. The persons whose names are included in ■ the notice appended to the declaration, and on whom it appears, by the sheriff’s return, a copy of the declaration was served, did not appear or plead to the action, and therefore, as we have seen, were not defendants to the action, were not liable for costs, nor subject to have any judgment rendered against them. On their failure to appear, the judgment ought to have been against the casual ejector alone. It follows, therefore, that the judgment by default against the tenants in possession, as also all subsequent proceedings are irregular and void.
The substitution of the sheriff’s return of service of the declaration, instead of the affidavit required by the common law practice, has been sanctioned by long usage in this State, and will not be .now disturbed.
We think there was no error in permitting the lessors of the plaintiff, to give bond for the prosecution of the suit, at a term subsequent to the return term. More especially, as no appearance had been entered by the tenants in possession, and as such bond would have been for their benefit, had they appeared.
The judgment will be reversed, the judgment by default set aside, and the case remanded to be regularly proceeded in.